HERRESHOFF v. KNIETSCH.

(Circuit Court, S. D. New York. January 4, 1904.)

No. 22,758.

**1. WITNESS—PRIVILEGE.**
Application for an order requiring a witness to answer certain questions on cross-examination in interference proceedings in the Patent Office denied on the claim of the witness that they required him to disclose a secret process.

Application to require witness to answer certain cross-questions propounded to him during an examination under interference in the Patent Office. Rev. St. § 4908 [U. S. Comp. St. 1901, p. 3390].

Livingston Gifford, for the motion.
Arthur v. Briesen, opposed.

LACOMBE, Circuit Judge. The motion is denied, for the reason that the applicant is abundantly protected by a cross-examination, which will not be open to the objection that it tends to disclose some secret invention or discovery. He is undoubtedly entitled to inquire whether the materials alleged to have been used in the process employed prior to the date of application were in fact such materials, and of what strength they were. When the witness answers those questions in the affirmative, applicant may ask how he knows such to be the fact. If witness answers that he knows their identity because he bought them from some reputable manufacturer, he may be required to give the name. If he says he analyzed or tested them, he may be required to give the details of such analysis. If he says he knew their identity without analyzing them, but because they were the results of processes which invariably produce liquids or gases of the particular composition and strength, and declines to state such processes because they are his "secret," he may not be compelled to answer, but surely in that event the proof of identity would be too feeble to give the applicant any concern.